# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-424V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
SNEZANA STANKOVIC *for*            *
DAVID STANKOVIC,                   *       Filed: September 3, 2015
                                   *
          Petitioner,  *
   v.                            *       Statute of Limitations; Vaccine Act
                                   *       Entitlement; Denial Without Hearing
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
          Respondent.  *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *

*Snezana Stankovic*, *pro se* claimant.

*Sarah Christina Duncan*, U.S. Dep't of Justice, Washington, D.C.

## DECISION DISMISSING CASE[1]

On April 27, 2015, Snezana Stankovic filed a petition on behalf of her brother, David Stankovic, seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] A revised petition was later filed on May 20, 2015. Together, the petitions allege that the Measles-Mumps-Rubella ("MMR") Vaccine that David Stankovic received in 1981 caused him to develop Obsessive Compulsive Disorder, Tourette's Syndrome, autism, a serotonin

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

imbalance, and inflamed brain ventricles. *See* Rev. Pet. at 1 (ECF No. 11). These illnesses allegedly continue to this day. *Id.*

On July 22, 2015, Respondent filed a Motion to Dismiss. Mot. to Dismiss (ECF No. 13) [hereinafter "Mot."]. Respondent argued that as an initial matter, Petitioner's standing on behalf of her brother is unclear.[3] *Id.* at 2. Furthermore, Respondent asserts that the proof of vaccination filed shows that David received the MMR vaccine on October 5, 1981, but that onset of his alleged symptoms occurred eight years later, so the claim violates the Vaccine Act's statute of limitations. *Id.* at 2-3.

Petitioner filed a Response to the Motion on August 7, 2015, requesting that I "overrule" the three-year statute of limitations of the Vaccine Act. Resp. to Mot. to Dismiss at 1 (ECF No. 15). Thereafter on August 14, 2015, Petitioner filed an additional response, further urging me to "seek an exemption" from the statute of limitations. Response at 1 (ECF No. 16).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). Regardless of the nature of the claim, however, it must still be timely made. For injuries resulting from a vaccine administered prior to October 1, 1988 (the relevant portion of the Vaccine Act's limitations provision herein), a claim may not be filed "after the expiration of 28 months after October 1, 1988, and no such petition may be filed if the first symptom of manifestation of onset . . . of such injury occurred more than 36 months after the date of administration of the vaccine." Section 16(a)(1). The test is conjunctive, meaning that both factors must be met in order to avoid dismissal based on the statute of limitations.

Petitioner's claim violates both factors. David Stankovic received the MMR vaccine on October 5, 1981, temporally placing this claim well within the scope of Section 16(a)(1), which is applicable to vaccines administered prior to October 1, 1988. Section 16(a)(1); Rev. Pet. at 10, 13. This claim – having been filed nearly 34 years after the vaccination at issue – was clearly filed longer than 28 months after October 1, 1988, as Respondent observes.

While this deficiency would be enough by itself to dispose of the claim, there are also limitations problems stemming from the reported onset of David Stankovic's symptoms. Based on the Petition, David Stankovic appears to have experienced onset of his Obsessive Compulsive Disorder and Tourette's around age nine or in 1989 given his birth date of June 5, 1980. In other words, manifestation of David Stankovic's primary symptoms occurred approximately eight years after administration of the MMR vaccine – significantly longer than the three-year statute of limitations cap.

---

[3] Because I am dismissing this matter on statute of limitations grounds, I do not reach the standing issue.

Although I am sympathetic to Petitioner's requests that I exercise leniency in applying the limitations period to her claim, the law does not permit this. Indeed, in other cases petitioners have similarly argued that unfairness should be the basis for exemption from the Vaccine Act's statute of limitations. *See e.g.*, *Smith v. Sec'y of Health & Human Servs.*, 26 Cl.Ct. 116, *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992); *see also Lombardo v. Sec'y of Health & Human Servs.*, 34 Fed. Cl. 21 (1995); *Goodlock v. Sec'y of Health & Human Servs.*, No. 05-1240V, 2006 WL 5630235 (Fed. Cl. Spec. Mstr. Jan. 9, 2006). Such cases were also dismissed as untimely under Section 16(a)(1). *Id*. And in any event, equitable tolling is not permitted under Section 16(a)(1). *Weddel v. Sec'y of Health & Human Servs.*, 100 F.3d 929,932 (Fed. Cir. 2001) (interpreting Section 16(a)(1) as a statute of repose to which equitable tolling does not apply).

Congress limited the types of claims petitioners could bring when it created the Vaccine Program by establishing reasonable temporal limits for the filing of petitions. *Goodlock*, 2006 WL 5630235, at *2. As a result, the statute of limitations bars the present case as untimely. *Id.*; *Pousha v. Sec'y of Health & Human Servs.*, No. 91-915V, 1992 WL 233901 (Fed. Cl. Spec. Mstr. Sept. 3, 1992).

**Thus, this case is dismissed as untimely. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                   Brian H. Corcoran
                                                   Special Master